**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

NEW CINGULAR WIRELESS PCS, LLC    )
d/b/a AT&T,                        )        Case No. 4:25-CV-01405
                                  )
      Plaintiff,                  )
                                  )
v.                                )
                                  )
CITY OF RICHMOND HEIGHTS,          )
                                  )
      Defendant.                  )

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**

COMES NOW Defendant City of Richmond Heights ("Defendant"), by and through the undersigned counsel, and in response to Plaintiff New Cingular Wireless PCS, LLC d/b/a AT&T's ("Plaintiff's") First Amended Complaint (the "Complaint"), states as follows.

1.      Defendant states that Paragraph 1 of the Complaint alleges legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 1 of the Complaint.

2.      Defendant states that Paragraph 2 of the Complaint alleges legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 2 of the Complaint.

3.      Defendant states that Paragraph 3 of the Complaint alleges legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 3 of the Complaint.

**Jurisdiction and Venue**

4.      Defendant states that Paragraph 4 of the Complaint alleges legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 4 of the Complaint.

5.      Defendant states that Paragraph 5 of the Complaint alleges legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 5 of the Complaint.

6.      Defendant admits the allegations in Paragraph 6 of the Complaint.

**Parties**

7.      Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 7 of the complaint and therefore denies same.

8.      Defendant admits the allegations in Paragraph 8 of the Complaint.

**Legal Background**

9.      Defendant states that Paragraph 9 of the Complaint alleges legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 9 of the Complaint.

10.      Defendant states that Paragraph 10 of the Complaint alleges legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 10 of the Complaint.

**Factual Background**

**AT&T's Network and FirstNet**

11.      Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 11 of the complaint and therefore denies same.

**The Richmond Heights Site and Application**

12.     Defendant denies the allegations in Paragraph 12 of the Complaint.

13.     Defendant admits that the proposed site referenced in Paragraph 13 of the Complaint is within the City's MU  (Mixed) zoning district.

14.     Defendant states that Plaintiff's proposed facility plans referred to in Paragraph 14 of the Complaint speaks for itself. To the extent that Paragraph 14 misstates and/or misrepresents the content of Plaintiff's facility plans, Defendant denies those allegations. Defendant states that the remaining allegations Paragraph 14 of the Complaint alleges legal conclusion to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

15.     Admits that a parking study of the existing VFW parking lot referred to in Paragraph 15 of the Complaint was prepared. Defendant further states that the parking study speaks for itself and to the extent that Paragraph 15 misstates and/or misrepresents that parking study, Defendant denies those allegations. Defendant denies all remaining allegations in Paragraph 15.

16.     Defendant denies the allegations in Paragraph 16 of the Complaint.

17.     Defendant admits that during a period of time Defendant coordinated with Plaintiff regarding the contents and substance of Plaintiff's conditional use permits as alleged in Paragraph 17 of the Complaint, and denies the remaining allegations in Paragraph 17.

18.     Defendant denies the allegations in Paragraph 18 of the Complaint.

19.     Defendant admits that on April 7, 2025, the City's Building and Zoning Administrator sent AT&T a written notice stating that the Application was incomplete, identified specific deficiencies, and advised that the City could not schedule a public hearing before the

Planning and Zoning Commission until the deficiencies were cured, as alleged in Paragraph 20 of the Complaint. Defendant denies all other allegations in Paragraph 20 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

**Plan and Zoning Commission Proceedings**

22. Defendant admits the allegations in Paragraph 22 of the Complaint.

23. Defendant admits the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant admits the allegations in Paragraph 25 of the Complaint.

**City Council Final Action**

26. Defendant admits the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant admits the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant admits the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

**Missouri Shot Clock**

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant admits the allegations in Paragraph 34 of the Complaint.

35. Defendant admits the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations in Paragraph 39 of the Complaint.

## CLAIMS FOR RELIEF

### COUNT I
*Violation of the Telecommunications Act, 47 U.S.C. § 332(c)(7)(B)(iii)*
*(Lack of Substantial Evidence; Written Decision)*

40.     Defendant incorporates herein its above responses as if fully restated herein.

41.     Defendant states that Paragraph 41 of the Complaint alleges legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations in Paragraph 43 of the Complaint.

### COUNT II
*Violation of the Telecommunications Act, 47 U.S.C. § 332(c)(7)(B)(i)(II))*
*(Effective Prohibition)*

44.     Defendant incorporates herein its above responses as if fully restated herein.

45.     Defendant states that Paragraph 45 of the Complaint alleges legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 38 of the Complaint.

46.     Defendant denies the allegations in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations in Paragraph 48 of the Complaint.

### COUNT III
*Violation of Missouri Siting Statute, Mo.Rev.Stat. §§ 67.5094, 67.5096*
*(Prohibited Acts; Failure to Evaluate by Local Code; Discrimination)*

49.     Defendant incorporates herein its above responses as if fully restated herein.

50.    Defendant denies the allegations in Paragraph 50 of the Complaint.

51.    Defendant denies the allegations in Paragraph 51 of the Complaint.

52.    Defendant denies the allegations in Paragraph 52 of the Complaint.

53.    Defendant denies the allegations in Paragraph 53 of the Complaint.

**COUNT IV**
*Violation of Missouri Siting Statute, Mo.Rev.Stat. §§ 67.5094, 67.5096.5*
*(Deemed Approval; Failure to Advise Applicant in Writing)*

54.    Defendant incorporates herein its above responses as if fully restated herein.

55.    Defendant states that Paragraph 55 of the Complaint alleges legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 55 of the Complaint.

56.    Defendant states that Paragraph 56 of the Complaint alleges legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 56 of the Complaint.

57.    Defendant states that Paragraph 57 of the Complaint alleges legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 57 of the Complaint.

58.    Defendant states that Paragraph 58 of the Complaint alleges legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 58 of the Complaint.

59.    Defendant states that Paragraph 59 of the Complaint alleges legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 59 of the Complaint.

60.    Defendant denies the allegations in Paragraph 60 of the Complaint.

**COUNT V**
*Missouri Administrative Procedure Act,*
*Mo.Rev.Stat. § 536.100 et seq.*
*(Arbitrary, Capricious, Unsupported by Competent and Substantial Evidence;*

*Abuse of Discretion)*

61.     Defendant incorporates herein its above responses as if fully restated herein.

62.     Defendant has filed concurrently herewith its motion to dismiss Count V of Plaintiff's Complaint and memorandum in support, which is incorporated herein by reference. To the extent that Defendant is required to respond to paragraphs 61 through 64 of the Complaint, Defendant denies each allegation therein.

WHEREFORE, Defendant City of Richmond Heights prays that the Court enters its Order dismissing Plaintiff's Complaint, entering its judgment in favor of Defendant, and for such other and further relief as this Court deems just and appropriate.

CURTIS, HEINZ, GARRETT
& O'KEEFE, P.C.

/s/Daniel T. Batten_____
Daniel T. Batten #MO58810
222 S. Central Avenue, 10th Floor
St. Louis, MO  63105
(314) 725-8788
(314) 725-8789 Fax
dbatten@chgolaw.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 26, 2026, a true and correct copy of the foregoing document was electronically filed and served by operation of the Court's electronic filing system upon all attorneys of record.

  /s/Daniel T. Batten_____