UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NEW CINGULAR WIRELESS PCS, LLC d/b/a AT&T, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:25-CV-1405-ACL |
| CITY OF RICHMOND HEIGHTS, MISSOURI | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This action is before the Court on Defendant City of Richmond Heights, Missouri's ("City") Motion to Dismiss Count V of Plaintiff's Amended Complaint. (Doc. 31.) The Motion is fully briefed and ready for disposition. For the reasons discussed below, Defendant's Motion to Dismiss will be denied.

## I. Background

This action challenges the City's denial of Plaintiff New Cingular Wireless PCS, LLC d/b/a AT&T's ("AT&T") application for a conditional use permit to construct a 100-foot support structure. Plaintiff asserts violations of the Telecommications Act, 47 U.S.C. § 332 (Counts I, II); the Missouri Sitting Statute, Mo. Rev. Stat. §§ 67.5094, 67.5096 (Counts III, IV); and the Missouri Administrative Procedure Act, Mo. Rev. Stat. § 536.100 *et seq*. (Count V).

On May 26, 2026, Defendant filed the instant Motion to Dismiss, in which Defendant argues that Count V of Plaintiff's First Amended Complaint ("Complaint") should be dismissed for failure to state a claim upon which relief may be granted because Plaintiff fails to allege facts

to support a statutory basis for seeking review as a contested case pursuant to Mo. Rev. Stat. § 536.100.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A plaintiff need not provide specific facts in support of his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but must include sufficient factual information to provide the "grounds" on which the claim rests, and "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 & n.3; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (quotation omitted).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555-56; Fed. R. Civ. P. 8(a)(2). This rule "is inapplicable to legal conclusions," which the Court may disregard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The issue in deciding a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *See Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

### III. The Complaint

The following facts are taken from Plaintiff's Complaint. (Doc. 30.) AT&T provides nationwide wireless voice and data services. AT&T, through its site acquisition representative Network Real Estate, LLC, identified a significant service need in Richmond Heights, Missouri, centered on the S. Big Bend corridor and adjacent residential neighborhoods.

AT&T determined that a facility at 717 S. Big Bend Blvd. was necessary to address coverage and capacity deficiencies and to integrate with surrounding network sites. The site is within the City's MU (Mixed) zoning district. The City's Zoning Regulations expressly provide for and encourage disguised support structures and set forth general conditions and preferences for wireless facilities. AT&T's proposed facility is a 100-foot disguised support structure (flagpole) with associated ground equipment screened with a 6-foot faux stone composite fence. The design complies with the City's 100-foot maximum height for wireless support structures; uses camouflaging consistent with City policy; and meets or exceeds all applicable building, electrical, and safety codes.

AT&T submitted its initial application for a conditional use permit and site plan approval on October 30, 2024 ("Application"). On April 7, 2025, the City's Building and Zoning Administrator sent AT&T a written notice stating that the Application was incomplete, identifying specific deficiencies, and advising that the City could not schedule a public hearing before the Planning and Zoning Commission ("Commission") until the deficiencies were cured. AT&T thereafter addressed the identified deficiencies and coordinated with the City to resolve all outstanding items. On June 16, 2025, AT&T submitted a final and complete Application. On June

26, 2025, the City acknowledged that the Application was complete and set the Application for hearing before the Commission.

The City's Zoning Administrator prepared a written report stating that the proposed disguised antenna "appears to meet the general conditions, design, location and setbacks of the Ordinance." (Doc. 30 at 6.) A hearing was held on July 17, 2025. At the hearing, AT&T's representative explained the need for the site, the engineering basis for the proposed height and location, the camouflaged design, compliance with codes, and that the site would address existing coverage/capacity gaps with a roughly 2-mile service radius. Commissioners questioned AT&T regarding lighting, height, alternative placement, and maintenance. One nearby resident voiced generalized objections based on aesthetics, perceived radio frequency ("RF") radiation concerns, and property value impacts. The Commission conducted its findings of fact vote in accordance with the City's Zoning Regulations § 405.410(E) and voted to deny the Application. The Commission's written findings and recommendation of denial were thereafter transmitted to the City Council pursuant to § 405.410(H).

On August 18, 2025, the City Council exercised its power of review under City Regulations § 405.420(C), received and considered the Commission's written report and recommendation of denial of the Application, took public comment for and against the Application, and voted to support the Commission's denial. At the City Council hearing, residents echoed concerns regarding aesthetics, radiation, and property value impacts. AT&T represented, and was prepared to demonstrate, that the facility complies with FCC RF emissions standards. The City Council was the final decision-making authority. It did not advise AT&T in writing of its final decision.

In Count V of its Complaint, AT&T asserts a claim under the Missouri Administrative Procedure Act ("MAPA"). AT&T alleges that the City's denial is final agency action reviewable

under Mo. Rev. Stat. § 536.100 (contested case). AT&T contends that the City's decision is arbitrary, capricious, unreasonable, an abuse of discretion, and unsupported by competent and substantial evidence on the whole record because: (a) the uncontroverted evidence shows compliance with zoning requirements; (b) staff noted the Application's compliance with all applicable zoning provisions; (c) denial rested on generalized neighborhood opposition, speculation, and legally prohibited considerations; and (d) the City failed to articulate lawful, code-based reasons supported by evidence. AT&T argues that it is entitled to judicial review, reversal, and an order compelling approval and issuance of permits.

**DISCUSSION**

Defendant argues that there is no statutory basis for judicial review of the City's denial of Plaintiff's Application under the MAPA, Mo. Rev. Stat. § 536.100, because this is not a contested case. Defendant argues that Count V must, therefore, be dismissed for failure to state a claim upon which relief may be granted.

Section 536.100 provides as follows, in relevant part:

> Any person who has exhausted all administrative remedies provided by law and who is aggrieved by ***a final decision in a contested case***, whether such decision is affirmative or negative in form, shall be entitled to judicial review thereof, as provided in sections 536.100 to 536.140.

Mo. Rev. Stat. § 536.100 (emphasis added).

The Court "has authority under section 536.100 RSMo. (Supp. 2013) to review final administrative agency decisions only in contested cases." *450 N. Lindbergh Legal Fund, LLC v. City of Creve Coeur, Missouri,* 477 S.W.3d 49, 52 (Mo. Ct. App. 2015); *see also City of Valley Park v. Armstrong*, 273 S.W.3d 504, 506 (Mo. 2009) (*en banc*) ("The review of a contested case is a review by the trial court of the record created before the administrative body.").

The sole issue in Defendant's Motion is, therefore, whether the City's decision denying AT&T's Application was a "contested case."

***Law Regarding Contested Cases***

Whether an administrative proceeding is a contested or a non-contested case is a question of law. *Nowden v. Div. of Alcohol & Tobacco Control*, 552 S.W.3d 114, 117 (Mo. 2018) (*en banc*) ("The classification of a case as 'contested' or 'noncontested' is determined as a matter of law."); *Smith v. City of St. Louis*, 573 S.W.3d 705, 713 (Mo. Ct. App. 2019) ("Determining whether an administrative proceeding is a contested or non-contested case is not left to the discretion of the administrative body, but is, rather, determined as a matter of law."). "In either a contested or a non-contested case the private litigant is entitled to challenge the governmental agency's decision." *Furlong Cos., Inc. v. City of Kan. City*, 189 S.W.3d 157, 165 (Mo. 2006) (*en banc*). "The difference is simply that in a contested case the private litigant must try his or her case before the agency, and judicial review is on the record of that administrative trial, whereas in a non-contested case the private litigant tries his or her case to the court." *Id.*

Though not defined in statute, a non-contested case is a decision "for which the law does not require a hearing prior to determination." *450 N. Lindbergh*, 477 S.W.3d at 52 (citing *Furlong*, 189 S.W.3d at 165). On the other hand, a contested case is defined by MAPA as (1) a proceeding before an agency (2) in which legal rights, duties or privileges of specific parties are (3) required by law to be determined (4) after hearing. Mo. Rev. Stat. § 536.010(4). This means there are essentially four components of a contested hearing, all of which must be satisfied. The "law" referred to in § 536.010(4), "includes any ordinance, statute, or constitutional provision that mandates a hearing." *McCoy v. Caldwell County*, 145 S.W.3d 427, 428 (Mo. 2004) (*en banc*).

Critically, "[t]he operative inquiry in determining whether an administrative proceeding should be characterized as a contested or a non-contested case is 'not of what transpired at the administrative proceeding, but what the law requires for that proceeding.'" *Metro Fill Dev., LLC v. St. Charles Cnty.*, 614 S.W.3d 582, 589 (Mo. Ct. App. 2020) (quoting *Winter Bros. Material Co. v. Cnty. of St. Louis*, 518 S.W.3d 245, 255 (Mo. Ct. App. 2017)).

***Richmond Heights Municipal Code***

Here, the "law" at issue is the City of Richmond Height's Municipal Code ("RHC"). The RHC sets forth the following procedures after an application for conditional use permit is submitted to the Commission:

> C. *Public Hearing*. A public hearing on the application ***shall be held*** by the Commission in accordance with the provisions of Section 405.580 except that the public notice shall indicated [sic] that the public hearing is for [a] conditional use permit. Owners of property within three hundred (300) feet of the property in question are to be notified by mail fifteen (15) days in advance of the public hearing.
>
> The public hearing shall be held not later than the second (2nd) regular monthly meeting of the Commission from the date of filing after verification by the Zoning Administrator that the petition meets the minimum application requirements. The public hearing requirements shall be the same if a petition for a conditional use permit is initiated by resolution of intention by the Commission or by the City Council.
>
> D. *Burden of Proof.* In presenting any application for a conditional use permit to the Planning and Zoning Commission for review and approval, the burden of proof shall rest with the applicant to provide any necessary evidence required by the Commission to support the required findings of fact..[setting out 11 required findings of fact].
>
> ***
>
> E. *Approval or Denial of Application By Findings of Fact*. After receiving and considering the evidence submitted, if any, the Planning and Zoning Commission, following its public hearing on the matter, shall vote separately on whether such building, development or use: [Setting out factual findings to be made on 10 factors].
>
> ***

> G. *Effect of Denial*. Upon denial by the Planning and Zoning Commission of an application for a conditional use permit, the Commission shall notify the applicant of the denial…
>
> H. *Written Report.* A written report of the vote on each issue approved by the Planning and Zoning Commission shall be transmitted by the Chairman to the City Council within sixty (60) days of the Commission's determination.

RHC Section 405.410 (Doc. 50 at 69-72) (emphasis added).

The RHC provides the following relevant provisions regarding appeals of decisions by the Commission:

> C. *City Council Review of Decision*. The City Council may exercise the power of review of any Planning and Zoning Commission decision on an application for a conditional use permit, or an amendment thereto, upon motion adopted by a majority vote at the regularly scheduled meeting of the Council at which the report of the Commission on the application is received.
>
> D. *Public Hearing By The City Council.* Before acting on any appeal, review or protest, the City Council ***shall set the matter for hearing***. The City Council ***shall give written notice of such hearing to the applicant and all other persons who appeared*** and spoke in opposition to the application at the public hearing before the Planning and Zoning Commission or to protestants in case of a protest.
>
> E. *City Council Decision*. Following the hearing by the City Council on an appeal, review or protest, the City Council may by motion affirm, reverse or modify, in whole or in part, any determination of the Planning and Zoning Commission. An affirmative vote of the City Council shall be required to pass a motion to reverse or modify any determination of the Commission. The City Council ***shall vote on the findings of fact as set out in Section 405.410(E).***

RHC Section 405.420 (Doc. 50 at 72-73 (emphasis added).

***Defendant's Argument***

Defendant argues that the denial of the Application is a noncontested case, because the RHC lacks substitutive procedural rights that would rise to the level of a contested case. For example, Defendant notes that the RHC does not provide the right to take oral evidence upon oath or affirmation, the right to cross-examine witnesses, or a requirement that evidentiary rules

must be followed. Defendant further argues that this matter cannot be a contested case because Plaintiff does not allege that any evidence or testimony was actually offered by Plaintiff or anyone else at the hearings on the Application.

Plaintiff responds that Missouri courts have made clear that the key to classification as a contested case is the requirement of a hearing, at which a measure of procedural formality is required: *not* what transpired at the administrative proceeding. Plaintiff argues that the RHC requires a hearing with a measure of procedural formality, thereby making this a contested case. Specifically, Plaintiff points to the following requirements the RHC imposes: a notice of the hearing before the Commission to be given to the public and property owners, notice of the hearing before the City Council to the applicants and all other persons who appeared at the hearing before the Commission, a burden of proof framework requiring the applicant to present evidence on eleven enumerated matters, that the Commission make findings of fact on ten separate conditions, that the City Council vote on the findings of fact, and that the Commission provide written notice to the applicant of its denial. Plaintiff relies on *New Cingular Wireless PCS LLC v. City of St. Peters*, No. 4:25-CV-1266-CMS, 2025WL3496198 (E.D. Mo. Dec. 5, 2025), in which this Court[1] recently denied a similar motion to dismiss.

In *New Cingular Wireless*, AT&T challenged the City of St. Peters' denial of its application for a special use permit to construct a 100-foot wireless support structure after holding hearings with the Planning & Zoning Commission and the Board of Aldermen. AT&T filed a Complaint in this Court alleging—among other claims—the City of St. Peters' denial of its application was a final decision in a contested case under the MAPA, thus entitling AT&T to judicial review under Mo. Rev. Stat. § 536.100. The City of St. Peters filed a Motion to Dismiss,

[1]United States District Judge Cristian M. Stevens.

arguing that the denial of AT&T's application was not a contested case, because the hearing before the Board of Aldermen lacked certain procedural formalities, such as formal evidentiary rules, cross-examination, and sworn testimony.

The Court noted that the ordinance at issue mandated that the Board of Aldermen provide notice, conduct a hearing on the record, review the application in light of specific criteria, make a final decision on the application, and advise the applicant in writing of its final decision. *Id.* at *4. Although the ordinance imposed "no obligation for witnesses to testify under oath or undergo direct or cross-examination and does not require adherence to formal rules of evidence," the Court found that "the case law is clear that contested cases 'generally' include certain procedural requirements, not that each and every procedural requirement is necessary for a hearing to be considered contested." *Id.* (citing cases, including *Valley Park*, 273 S.W.3d at 507; *Winter Bros.*, 518 S.W.3d at 253; *450 N. Lindbergh*, 477 S.W.3d at 53-54; *Sapp v. City of St. Louis*, 320 S.W.3d 159, 163 (Mo. Ct. App. 2010)). The Court concluded that the Board of Aldermen "conducted a proceeding in which Plaintiff's legal rights, duties or privileges were determined by law after a hearing with certain MAPA procedural formalities, and thus the case is contested." *Id.* at 5.

This Court finds Judge Stevens' reasoning in *New Cingular Wireless* persuasive and concludes that the City's denial of AT&T's Application is a contested case. Like the ordinance considered in *New Cingular Wireless*, the RHC provides that a public hearing on an application for conditional use permit ***shall*** be held by the Commission. Section 405.410(C). The RHC requires that notice of the hearing be provided to the public and to owners of property within 300 feet of the property in question. *Id.* The RHC delineates the burden or proof, mandating that the applicant provide any necessary evidence required by the Commission to support the required

findings of fact on eleven enumerated matters. Section 405.410(D). After receiving and considering any evidence submitted, the Commission is required to "vote separately" on 10 separate findings of fact. Section 405.410(E). Before acting on an appeal of the Commissioner's denial of a conditional use permit, the City Council "shall set the matter for hearing," and "shall" give written notice of the hearing to the applicant and all other persons who appeared at the hearing before the Commission. Section 405.420(D). Finally, following the hearing, the City Council "shall vote on the findings of fact as set out in Section 405.410(E)." Section 405.420(E). The City Council must, therefore, "vote separately" on 10 separate findings of fact. Section 405.410(E).

The undersigned finds that the requirements of the RHC set forth above contain procedural formalities consistent with a contested case. Although Defendant challenges the formality of the proceeding that actually occurred in this case, the operative inquiry is not "what transpired at the administrative proceeding, but what the law requires for that proceeding." *Winter Bros. Material Co.*, 518 S.W.3d at 255. The decision of the City Council determined AT&T's rights "after a hearing with certain MAPA procedural formalities." *New Cingular Wireless*, 2025 WL 3496198, at *5. Thus, this case is contested.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City of Richmond Heights, Missouri's Motion to Dismiss Count V of Plaintiff's Amended Complaint (Doc. 31) is **denied**.

s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of November, 2026.